*E-Filed 7/1/10*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| LEONARD J. RANSOM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SANTA CLARA, and,<br>JOHN BREIDENTHAL,<br><br>　　　　Defendants. | No. C 10-0075 RS (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

This is a federal civil rights action filed pursuant to 28 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

## DISCUSSION

**A.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

United States District Court
For the Northern District of California

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff's claims arise from his inability to obtain his client file from his public defender, John Breidenthal. Plaintiff alleges that a habeas petition he filed was denied because it failed to include a copy of an investigator's report. Plaintiff asked his attorney Breidenthal and the County of Santa Clara for a copy of his file, which contained the investigator's report. Neither Breidenthal nor Santa Clara County ever responded to his request. As grounds for relief, plaintiff alleges that Breidenthal and Santa Clara County violated his rights by such failure to respond.

Plaintiff's complaint does not contain sufficient factual matter to state a claim for relief that is plausible. Public defenders, such as Breidenthal, do not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S.

312, 318–19 (1981).  Action under color of state law can be found if a plaintiff can plead and prove facts which show that the public defender conspired with state officials.  *See Tower v. Glover*, 467 U.S. 914, 919–20 (1984).  Here, plaintiff has not suggested, much less alleged, that Breidenthal acted under color of state law by failing to respond to his requests, or by conspiring with state officials.

Nor has plaintiff named any official employed by, or acting under the authority of, Santa Clara County who acted under color of state law by not responding to his request.  Plaintiff makes a conclusory allegation that Santa Clara County violated his rights.  This is insufficient.

Accordingly, the complaint is DISMISSED with leave to amend.  Plaintiff shall file an amended complaint within 30 days from the date this order is filed.  Failure to file a timely amended complaint will result in dismissal of the action without further notice to plaintiff.  The first amended complaint must include the caption and civil case number used in this order (10-0075 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the prior complaint by reference.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: July 1, 2010

RICHARD SEEBORG
United States District Judge