*E-Filed 10/3/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LEONARD J. RANSOM, | No. C 10-0075 RS (PR) |
|     Plaintiff, | **ORDER OF DISMISSAL** |
|     v. | |
| COUNTY OF SANTA CLARA, and, JOHN BREIDENTHAL, | |
|     Defendants.                        / | |

**INTRODUCTION**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. For the reasons stated herein, defendants' motion for summary judgment, which the Court construes as a motion to dismiss on grounds of mootness, is GRANTED, and the action dismissed.

**DISCUSSION**

Plaintiff alleges that (1) the County of Santa Clara, (2) John Breidenthal, an attorney employed by the Public Defender of County of Santa Clara, and (3) Ray Ramirez, a paralegal employed by the Santa Clara Superior Court, destroyed his client file, which allegedly

contained undisclosed information favorable and material to plaintiff's defense to the criminal charges under which he was convicted. Plaintiff asked for declaratory and injunctive relief, damages, and an order directing defendants to give him a copy of his file. It is now undisputed, however, that the file was not destroyed, and that plaintiff has received a copy of said file. Defendants move to dismiss on grounds that the action is moot.

The case or controversy requirement of Article III of the Constitution deprives a court of jurisdiction to hear moot cases. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70 (1983). To satisfy the Article III case or controversy requirement, the petitioner "must have suffered, or be threatened with an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The party asserting mootness bears the burden of establishing that there is no "effective relief" remaining that the court could provide. *Southern Oreg. Barter Fair v. Jackson County*, 372 F.3d 1128, 1134 (9th Cir. 2004). When a court lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).

The file has been found, and a copy given to plaintiff. His claims, which were based on the assumption that his file was destroyed, are mooted by this fact. Therefore, there is no effective relief remaining that the Court can provide. Plaintiff's assertion that he is entitled to declaratory relief that the file is his personal property is insufficient to sustain the action, as he has not shown how declaratory relief provides a remedy not obtained by his now having a copy of his file. Plaintiff's allegations that some documents are missing from the file is also insufficient to sustain the action because he has failed to identify any particular documents or how their absence has caused him an injury-in-fact. If documents are in fact missing and if plaintiff has suffered a resulting injury-in-fact, he may file a separate civil rights action. Plaintiff alleges that he is owed damages because of the delay in receiving his file. This delay, plaintiff alleges, prevented him from filing a meritorious state habeas petition. This allegation is insufficient to sustain this action. Now that plaintiff has the

documents he needed, he can pursue state collateral relief effectively. Because he may be able to obtain state judicial relief, any claim for damages based on the delay in receiving his file is too speculative to sustain this action.

Accordingly, defendants' motion for summary judgment, which the Court construes as a motion to dismiss on grounds of mootness (Docket No. 25) is GRANTED, and the action is DISMISSED. The Court certifies that any appeal taken from the order of dismissal and judgment of this action will not be taken in good faith and is therefore frivolous, there being no valid grounds on which to base an appeal. Fed. R. App. P. ("FRAP") 24(a)(3)(A); *Ellis* v. *United States*, 356 U.S. 674, 674–75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). Accordingly, plaintiff's IFP status should not continue on appeal. The Clerk shall terminate Docket No. 25, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: October 3, 2011

RICHARD SEEBORG
United States District Judge